UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JULIAN A. PARKES,

       Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC.,

       Defendant.

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JULIAN A. PARKES, brings this action against Defendant, MAXIM HEALTHCARE SERVICES, INC., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JULIAN A. PARKES was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone, email, and text message communiation with Defendant in Maryland.

4. At all times material hereto, Defendant, MAXIM HEALTHCARE SERVICES, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of healthcare staffing, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Two or more of Defendant's employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

6. Plaintiff JULIAN A. PARKES worked for Defendant as a nurse.

7. Defendant paid Plaintiff late.

8. Defendant failed to pay Plaintiff's full and promised regular wages.

9. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendant has knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to liquidated damages for wages paid late pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES

16. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

18. Plaintiff entered into an oral contract for wages at the rate of $3,500 per week guaranteed for performing work and for being available to perform work.

19. Plaintiff worked and was available to perform work for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff was lawfully entitled under an oral contract for wages with Defendant.

20. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

21. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791